LISA DARLING-ALDERTON - State Bar No. 221738
lalderton@wpdslaw.com
JO ANN MONTOYA - State Bar No. 131310
jmontoya@wpdslaw.com
**WOOLLS PEER DOLLINGER & SCHER**
A Professional Corporation
One Wilshire Building
624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017
Telephone:   (213) 629-1600
Facsimile:   (213) 629-1660

Attorneys for Plaintiff
PHILADELPHIA INDEMNITY
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT FOR RESCISSION, DECLARATORY RELIEF AND RECOUPMENT** |
| STEPHOUSE RECOVERY, INC.; GEORGE VILAGUT; MICHAEL BARKER, | |
| Defendants. | |

Comes now plaintiff Philadelphia Indemnity Insurance Company, pursuant to Federal Rules of Civil Procedure Rule 57 and 28 U.S.C. § 2201, and alleges against defendants Stephouse Recovery, Inc., George Vilagut, and Michael Barker as follows:

## JURISDICTION

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship among the parties and because the amount in controversy, exclusive of interest and costs, exceeds $75,000.

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) because the events giving rise to the underlying claim and the insurance coverage dispute occurred in this District.

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

567997.1

3.     At all times relevant hereto, plaintiff Philadelphia Indemnity Insurance Company ("PIIC") was and is a Pennsylvania corporation with its principal place of business in Pennsylvania. PIIC is and has been authorized to do business in the State of California.

4.     PIIC is informed and believes and thereon alleges that defendant Stephouse Recovery, Inc. ("SRI") was and is a California corporation doing business in Fountain Valley, California at all times relevant to the events at issue herein.

5.     PIIC is informed and believes and thereon alleges that defendant George Vilagut ("Vilagut") was and is an individual residing in Orange County, California and the owner of SRI at all times relevant to the events at issue herein.

6.     PIIC is informed and believes and thereon alleges that defendant Michael Barker ("Barker") was and is an individual residing in Orange County, California at all times relevant to the events at issue herein.

## GENERAL ALLEGATIONS

7.     PIIC is informed and believes and thereon alleges that on or about February 11, 2013, Vilagut submitted an application to PIIC for professional liability insurance for SRI and he completed an application entitled "Application for Outpatient Counseling Group Entity/Corporate or Non-profit coverage." The top of the application states in bold print: "Note: This program is designed for outpatient mental health and allied health services. If you provide inpatient or residential programs, CONTACT US for a different application." The application identified the location to be insured as 10529 Slater Avenue, Fountain Valley, California 92708. In addition to the application, Vilagut submitted a brochure explaining SRI's services and programs. That brochure stated SRI provided residential living programs. A true and correct copy of the application and additional materials submitted to PIIC is attached hereto as Exhibit 1.

8.     On or about February 12, 2013, PIIC's underwriter at CPH & Associates sent a letter to Vilagut asking for further information regarding the programs offered

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

[CASE NO.:]
[COMPLAINT FOR RESCISSION, DECLARATORY RELIEF AND RECOUPMENT]

567997.1

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

by SRI, stating "Your brochure indicates that you provide services for medical detoxification, live-in residential living, and transportation services. Do you have separate coverage in place for these services? If so, please provide the proof of coverage." In response, Vilagut sent an email dated February 12, 2013 stating: "Services for medical detoxification, live-in residential care, and transportation are subcontracted out by StepHouse Recovery. The services are provided by treatment facilities that are licensed and insured." A true and correct copy of the letter and email response are attached hereto as Exhibit 2.

9. On or about December 6, 2013, Vilagut completed a renewal application entitled "Renewal Application for Outpatient Counseling Group Entity/Corporate or Non-profit coverage." The top of the renewal application states in bold print: "Note: This program is designed for outpatient mental health and allied health services. If you provide inpatient or residential programs, CONTACT US for a different application." At no time did Vilagut or SRI request insurance coverage for live-in programs or for locations where program participants resided. A true and correct copy of the December 2013 application is attached hereto as Exhibit 3.

10. In reliance on the application and information provided to PIIC in response to PIIC's underwriter's inquiries, PIIC issued Allied Healthcare Professional and Supplemental Liability Insurance policy number PHCP078309 to SRI from February 18, 2013 to February 18, 2014. The policy was thereafter renewed from February 18, 2014 to February 18, 2015. A true and correct copy of the 2014/2015 policy is attached hereto as Exhibit 4. The PIIC policy provided professional liability insurance coverage for the out-patient treatment programs operated by SRI at 10529 Slater Avenue, in Fountain Valley, California.

11. The main coverage form (P1-PHCP-02 (07/10)) in the PIIC 2014/2015 policy states in relevant part as follows:

**SECTION I – COVERAGE**

3

A.   **ALLIED HEALTHCARE PROVIDERS PROFESSIONAL AND SUPPLEMENTAL LIABILITY**

1.   **Insuring Agreements**

a.   Coverage A – Professional Liability

**We** will pay on **your** behalf those sums that **you** become legally obligated to pay as **damages** because of a **professional incident** that takes place in the **coverage territory** and occurs during the policy period. The **professional incident** must result from the practice of the profession shown in the Declarations. . . .

b.   Coverage B – Supplemental Liability

**(1)**   Bodily Injury and Property Damage Coverage

**We** will pay on **your** behalf those sums that **you** become legally obligated to pay as **damages**, other than those for which coverage is provided under Coverage A, for **bodily injury** or **property damage** that takes place in the **coverage territory** and occurs during the policy period. It must result from a **professional incident** that arises out of the profession shown in the Declarations.

. . . .

2.   **Exclusions**

This insurance does not apply to **claims** or **suits** for **damages**:

a.   Arising out of any occupation, business, profession, or personal activity other than the profession specified in the Declarations.

. . . .

c.   Arising out of any liability **you** have as a proprietor, owner, superintendent, director, partner, manager, administrator or executive officer of any hospital, nursing home, medical clinic, health maintenance organization, managed care facility, sanitarium, or any other facility with bed and board arrangements;

4

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

567997.1

. . . .

   **e.** Arising out of the prescription, utilization, furnishing, or dispensing of drugs or medical, dental or nursing supplies or appliances, except as directed by a physician in **your** normal course of practice;

. . . .

**B.** **SUPPLEMENTAL PAYMENTS**

  **We** will pay, with respect to any **claim** or **suit we** defend:

   **1.** All expenses **we** incur including defense costs;

. . . .

  These payments will not reduce the limits of liability otherwise available under the policy.

**C.** **ADDITIONAL POLICY BENEFITS**

. . . .

**SECTION II – WHO IS AN INSURED**

Each of the following is an **insured** under this policy to the extent set forth below:

. . . .

**C.** If **you** are a corporation, the corporation so designated in the Declarations, and any owner, officer, director, trustee, or stockholder thereof; . . .

**SECTION III – LIMITS OF LIABILITY**

. . . .

**E.** **Claim expenses** will be paid in addition to the stated limits of liability shown in the Declarations. However, exhaustion of these limits shall relieve **us** from being liable to make any further payment for **claim expenses**. In no event will **claim expenses** be paid by **us** when the applicable limits of liability have been exhausted due to the payment of, or tender for payment of, **damages**.

[CASE NO.:]
[COMPLAINT FOR RESCISSION, DECLARATORY RELIEF AND RECOUPMENT]

567997.1

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22ⁿᵈ Floor
Los Angeles, California 90017

. . . .

## SECTION V – DEFINITIONS

. . . .

**D.**   **Bodily injury** means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

. . . .

**E.**   **Claim** means a demand made upon **you** for **damages**. All **claims** arising out of the same act or omission which are logically or causally connected in any way shall be deemed as a single **claim**.

**F.**   **Claim expenses** means fees charged by any lawyer designated by **us** and all other fees, costs, and expenses resulting from the investigation, adjustment, defense, and appeal of a **claim**, if incurred by **us**. **Claim expenses** shall also include:

**1.**   Premiums on bonds . . . .

**2.**   Costs taxed against **you** in any **suit** except for any contempt citations;

**3.**   Interest accruing after the entry of judgment, . . .

**4.**   Reasonable expenses incurred by **you** at **our** request in assisting in the investigation and defense of any **claim**, other than loss of earnings.

**Claim expenses** shall not include:

**1.**   Any amounts incurred in defense of any **claim** for which any other insurer has a duty to defend, regardless of whether or not such other insurer undertakes such duty;

**2.**   Salaries, wages, overhead or benefit expenses associated with any **insured** except as specified in **SECTION I – COVERAGE**, Paragraph **C. ADDITIONAL POLICY BENEFITS** above; or

6

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

567997.1

3. Salaries, wages, overhead or benefit expenses associated with **your** employees.

. . . .

**H.** **Damages** means a monetary:

**1.** Judgment;

**2.** Award; or

**3.** Settlement,

but does not include fines, sanctions, penalties, punitive or exemplary damages or the multiple portion of any **damages**.

**I.** **Insured, you, your** and **yours** means the individual or association, partnership, or corporation named in the Declarations or qualifying as an **insured** under **SECTION II – WHO IS AN INSURED** above.

. . . .

**P.** **Professional incident** means any actual or alleged negligent:

**1.** Act;

**2.** Error; or

**3.** Omission

in the actual rendering of professional services to others in **your** capacity as an **insured** including professional services performed as a member of a credentialing group or utilization review panel, as a case management reviewer or clinical evaluator, or as a member of a board or committee of a hospital or professional society where similar services are performed by **you**.

An incident shall not be considered a **professional incident** merely for occurring on or near a premises occupied by **you**.

Any or all **professional incidents** arising from interrelated or a series of acts, errors or omissions shall be deemed to be

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

[CASE NO.:]
[COMPLAINT FOR RESCISSION, DECLARATORY RELIEF AND RECOUPMENT]

567997.1

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22ⁿᵈ Floor
Los Angeles, California 90017

one **professional incident** taking place at the time of the earliest **professional incident**.

. . . .

**R.**   **Suit** means a civil proceeding in which **damages** are sought and to which this insurance applies. . . .

12.   PIIC is informed and believes and thereon alleges that on or about January 2, 2015, Barker's son Austin Barker ("Austin") sought treatment for drug and/or alcohol addiction from SRI and agreed to reside full time at SRI's residential facility located at 17395 Santa Lucia Street, in Fountain Valley, California, a "sober living home". PIIC is informed and believes and thereon alleges that on or about January 22, 2015, Austin died of a drug overdose due to drugs he took while he was residing at that residential facility.

13.   PIIC is informed and believes and thereon alleges that on or about June 3, 2016, Barker filed a complaint against SRI and Vilagut asserting one cause of action for negligent wrongful death. The complaint was tendered to PIIC for defense and PIIC declined to defend based on exclusion c. in the PIIC 2014/2015 policy, among other reasons. PIIC is informed and believes and thereon alleges that Barker filed a second amended complaint against Vilagut and SRI asserting causes of action for negligent wrongful death, negligent misrepresentations, and premises liability. SRI and Vilagut tendered that second amended complaint to PIIC for defense on or about November 3, 2016. By letter dated January 31, 2017, PIIC declined to defend Vilagut and SRI based on exclusion c. in the PIIC 2014/2015 policy, among other reasons.

14.   PIIC is informed and believes and thereon alleges that Barker filed a third amended complaint against Vilagut and SRI in or about mid-September 2017 asserting causes of action for professional negligence, negligent wrongful death, negligent misrepresentation, and premises liability. SRI and Vilagut tendered the third amended complaint to PIIC for defense and indemnity by letter dated October 12,

567997.1

2017 ("the underlying action"). A true and correct copy of the third amended complaint in the underlying action is attached hereto as Exhibit 5.

15.    By letter dated October 26, 2017, PIIC accepted Vilagut and SRI's defense in the underlying action pursuant to a reservation of rights, including, among other reasons, whether exclusion c. applied. A true and correct copy of PIIC's October 2017 reservation of rights letter is attached hereto as Exhibit 6. After Vilagut and SRI requested independent counsel under Civil Code § 2860, PIIC sent an updated reservation of rights letter dated December 13, 2017. A true and correct copy of the December 2017 reservation of rights letter is attached hereto as Exhibit 7.

## FIRST CAUSE OF ACTION FOR RESCISSION

### (Against All Defendants)

16.    PIIC incorporates paragraphs 1 through 15 as if fully set forth herein.

17.    PIIC is informed and believes and thereon alleges that Vilagut and SRI violated the California Insurance Code, including sections 330, 332, 333, 338, and 358, by their misrepresentations in the application submitted for the PIIC policy. At no time did Vilagut and SRI seek insurance coverage from PIIC for the residential locations or programs operated by SRI. Vilagut and SRI are now seeking defense and indemnity from PIIC with respect to a claim, as alleged in the underlying action, that occurred at a residential facility operated by SRI and it now appears, contrary to Vilagut's representations to PIIC's underwriter, that the facility did not maintain either general liability or professional liability insurance for the residential facility or residential programs operated by Vilagut and SRI. PIIC is informed and believes and thereon alleges there may be additional misrepresentations not yet discovered that will support rescission of the PIIC policy.

18.    Had the true facts been disclosed, PIIC would not have agreed to issue the policy or would have made further inquiries to determine what additional premium to charge for the additional risks that accompany the operation of residential, live-in programs and facilities operated by Vilagut and SRI. The failure to disclose this

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22ⁿᵈ Floor
Los Angeles, California 90017

information on the application was material pursuant to California Insurance Code sections 334, 359, and 360.

19.   PIIC is therefore entitled to rescind the PIIC policy pursuant to California Insurance Code sections 331 and 359, and California Civil Code sections 1688, 1689, 1691, and 1692, as if the policy was never issued. PIIC will return all premiums paid by Vilagut and SRI for the PIIC policy.

## SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF
## RE NO DUTY TO DEFEND

(Against All Defendants)

20.   PIIC incorporates paragraphs 1 through 15 as if fully set forth herein.

21.   An actual controversy has arisen and now exists between PIIC on the one hand and defendants on the other hand as to PIIC's rights and obligations under the PIIC policy. PIIC is informed and believes and on that basis alleges that defendants contend that the claims asserted in the underlying action are covered or potentially covered by the PIIC policy. PIIC contends there is no potential that the claims alleged in the underlying action seek damages covered by the PIIC policy, and therefore, PIIC owes no obligation to defend Vilagut and SRI in the underlying action.

22.   PIIC seeks a declaration of its rights and obligations under the PIIC policy with respect to the underlying action, and that the exclusions to the policy eliminate any potential for coverage of the underlying action.

23.   PIIC seeks a declaration that the misrepresentations made in the application for the policy are a defense to coverage for the underlying action.

## THIRD CAUSE OF ACTION FOR DECLARATORY RELIEF
## RE NO DUTY TO INDEMNIFY

(Against All Defendants)

24.   PIIC incorporates paragraphs 1 through 15 as if fully set forth herein.

25.   An actual controversy has arisen and now exists between PIIC on the one hand and defendants on the other hand as to PIIC's rights and obligations under the

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

10

PIIC policy. PIIC is informed and believes and on that basis alleges that defendants contend the claims asserted in the underlying action are covered by the PIIC policy. PIIC contends the claims alleged in the underlying action were not on account of damages covered by the PIIC policy and that PIIC, therefore, owes no duty to indemnify Vilagut and SRI in the underlying action.

26.     PIIC seeks a declaration of its rights and obligations under the PIIC policy with respect to the underlying action.

## FOURTH CAUSE OF ACTION FOR RECOUPMENT
## OF DEFENSE EXPENSES

(Against Vilagut and SRI)

27.     PIIC incorporates paragraphs 1 through 15 as if fully set forth herein.

28.     If it is determined that the PIIC policy does not apply to the underlying action or if the PIIC policy is rescinded, PIIC is entitled to recover the amounts it paid to defend Vilagut and SRI in the  underlying action, subject to proof.

## FIFTH CAUSE OF ACTION FOR RECOUPMENT
## OF INDEMNITY PAYMENTS

(Against Vilagut and SRI)

29.     PIIC incorporates paragraphs 1 through 15 as if fully set forth herein.

30.     If it is determined that the PIIC policy does not apply to the underlying action or if the PIIC policy is rescinded, PIIC is entitled to recover the amounts it paid to indemnify Vilagut and SRI in the  underlying action, subject to proof.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.      On the first cause of action, for rescission of the PIIC policy as if it had never issued;

2.      On the second cause of action, for a judicial declaration that PIIC owes no duty under the PIIC policy to defend Vilagut and SRI in the underlying action;

3.      On the third cause of action, for a judicial declaration that PIIC owes no duty under the PIIC policy to indemnify Vilagut and SRI in the underlying action;

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

[CASE NO.:]
[COMPLAINT FOR RESCISSION, DECLARATORY RELIEF AND RECOUPMENT]

567997.1

1    4.    On the fourth cause of action, for a judgment against Vilagut and SRI for

2    the defense fees and costs incurred by PIIIC to defend the underlying action;

3    5.    On the fifth cause of action, for a judgment against Vilagut and SRI for

4    the indemnity paid by PIIC in the underlying action;

5    6.    For applicable interest;

6    7.    For costs of suit; and

7    8.    For such other and further relief as the Court may deem just and proper.

8

9    DATED:  April 4, 2018                    Respectfully submitted,

10                                           WOOLLS PEER DOLLINGER & SCHER
                                             A Professional Corporation

11

12                                           /s/ Lisa Darling-Alderton

13                                           LISA DARLING-ALDERTON
                                             JO ANN MONTOYA

14                                           Attorneys for Plaintiff
                                             PHILADELPHIA INDEMNITY

15                                           INSURANCE COMPANY

16

17

18

19

20

21

22

23

24

25

26

27

28

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

12

567997.1