JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 18-00564-CJC (DFMx)            Date: August 24, 2023

Title: <u>PHILADELPHIA INDEMNITY INS. CO. v. STEPHOUSE RECOVERY, INC., *et al.*</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| <u>Rolls Royce Paschal</u> | <u>    N/A    </u> |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                            None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING WITHOUT PREJUDICE REMAINING CLAIMS FOR FAILURE TO PROSECUTE AND DEFEND**

       This 2018 case involves an insurance coverage dispute over a professional liability insurance policy that Plaintiff Philadelphia Indemnity Insurance Company issued to Defendant Stephouse Recovery, Inc. (Dkt. 1.) Plaintiff brought claims for (1) rescission, (2) declaratory relief stating that it had no duty to defend Defendants in the underlying action, *Michael Barker v. George Vilagut et al.*, (3) declaratory relief stating that Plaintiff had no duty to indemnify Defendants in the *Barker* action, (4) recoupment of the costs Plaintiff incurred in defending Defendants, and (5) recoupment of the payment Plaintiff made to indemnify Defendants. (*Id.*) On June 13, 2019, the Court denied summary judgment on Plaintiff's first claim for rescission, but granted summary judgment as to its third claim for declaratory relief and fifth claim for recoupment. (Dkt. 23.) The parties filed cross-appeals on the Court's summary judgment order, but on February 25, 2020, the Ninth Circuit dismissed the cross-appeals for lack of jurisdiction, finding that "the order challenged in these appeals is not final or appealable." (Dkts. 32, 35, 44.)

       On April 11, 2023, the Court ordered the parties to submit a joint report regarding the status of this case, including whether any claims remain to be decided or whether the case may be closed. (Dkt. 61.) Plaintiff "request[ed] that this [C]ourt consider and act on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 18-00564-CJC (DFMx)            Date: August 24, 2023
Page 2

---

the Stipulation to Permit Final Judgment For All Causes of Action filed on October 2, 2019." (Dkt. 62 at 3; *see* Dkt. 40.) Defendants responded that they "need[ed] further time to consider these issues, including the previously submitted stipulation." (Dkt. 62 at 4.) On May 2, 2023, the Court ordered Defendants to submit a written statement within seven days regarding its position on Plaintiff's request for the Court to act on the parties' October 2, 2019 stipulation. (Dkt. 63.)

On May 9, 2023, Defendants filed a brief stating that they had substituted new counsel upon the death of their former counsel, and that they "intend to proceed to resolve the causes of action remaining after the Court's decision on Plaintiff's Motion for Summary Judgment via a revised version of the" October 2, 2019 stipulation. (Dkt. 65.) Defendants "request[ed] a reasonable amount of time for new counsel to complete his review of" former counsel's file, revise the stipulation, meet and confer with Plaintiff's counsel, and submit the revised stipulation to the Court. (*Id.*)

Two and a half months passed and the parties filed nothing. The Court therefore ordered the parties to file by July 28, 2023, a joint report regarding the status of this case, including whether and when a revised stipulation would be submitted or how the parties proposed this case proceed. The parties' status report advised that they "expect[ed] to finalize and file an amended Stipulation and Proposed Order by August 11, 2023." (Dkt. 69 at 4.)

Now, nearly two weeks after the parties stated they planned to file an amended stipulation, the parties have filed nothing. In light of the parties' repeated failures to prosecute and comply with Court orders, the Court must conclude that the parties have no desire to prosecute and defend the remaining claims. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims for rescission, declaratory relief regarding a duty to defend in the underlying action, and recoupment of the costs Plaintiff incurred in defending Defendants.

cb

MINUTES FORM 11
CIVIL-GEN                                                                    Initials of Deputy Clerk rrp